SO ORDERED.

SIGNED this 14th day of September, 2017.



Dale L. Somers
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re:

JOHN EDWARD COONEY, JR.,

DEBTOR.

CASE NO. 17-20071
CHAPTER 13

MEMORANDUM OPINION AND JUDGMENT
GRANTING CREDITOR CARRIE PEEL'S MOTION FOR
RELIEF FROM AUTOMATIC STAY

The matter before the Court is the Motion of Creditor/Adversarial Action Plaintiff Carrie Peel for Relief from Automatic Stay (Motion).[1] Debtor opposes the Motion.[2] Carrie Peel (Peel) appears by Bernard E. Brown. Debtor appears by Stephen G. Bolton.

---

[1] Doc. 51.

[2] Doc. 59.

1

The court has jurisdiction.[3] For the following reasons, the Court grants the Motion and grants relief from stay to permit the continuation of and conclusion to the entry of final judgment of a case pending against Debtor in the Circuit Court of Jackson County, Missouri.

Peel's motion seeks relief from automatic stay to permit the continuation to entry of final judgment of her claims against Debtor pending in the Jackson County Circuit Court in Independence, Missouri, *Carrie A. Peel v. John E. Cooney, Jr.*, case no. 1316-CV19599 (the Jackson County Circuit Court Case). Peel commenced the state case on August 1, 2013. After extensive discovery and the overruling of a lengthy dispositive motion filed by Debtor, the case was set for trial on January 17, 2017. Shortly before trial was to commence, Debtor announced he was filing for bankruptcy relief. Under § 362,[4] the filing of Debtor's Chapter 13 petition on January 18, 2017, stayed the State Court Case.

In this bankruptcy case, Peel has filed a proof of claim to recover from Debtor the claims asserted in the Jackson County Circuit Court Case.[5] In an adversary proceeding,

---

[3] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013. D. Kan. Standing Order No. 13-1, *printed in* D. Kan. Rules of Practice and Procedure at 168 (March 2014). A motion for relief from stay is a core proceedings which this Court may hear and determine as provided in 28 U.S.C.§ 157(b)(2)(G). There is no objection to venue or jurisdiction over the parties.

[4] 11 U.S.C. § 362(a). All future references to Title 11 in the text shall be to the section number only.

[5] POC 4.

2

case no. 17-06037, Peel seeks to except her claims against Debtor from discharge under §1328(a)(4). That section applies to "damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual." Debtor has objected to the proof of claim[6] and contends that any claims Peel may have against him are dischargeable. Resolution of the claims asserted in the Jackson County Circuit Court Case is therefore required before the Court can rule on matters pending in this case.

Peel submits that relief from stay should be granted because her claims against Debtor are better resolved in the Missouri state court. In support of her motion, Peel argues:

1. "The great majority of the facts and legal issues that will be determined in the Jackson County Circuit Court case are the same that would otherwise have to be determined by this Court.[7]

2. The Jackson County Case is ready for trial, after substantial discovery and pretrial proceedings.

3. If her claims are litigated in this Court, she will lose her right to trial by jury.

4. Debtor's conduct that is the subject of Peel's claims occurred in Jackson County, almost all witnesses reside in Jackson County and are therefore subject to the state court's

---

[6] Doc. 32.

[7] Doc. 51, 5-6.

3

subpoena power; and if the trial were held in this Court, she would be unable to obtain live testimony of at least some of the Missouri witnesses.

     5. Peel's claims are entirely under Missouri law.

Debtor opposes the Motion on the basis that granting relief from stay would not resolve all of the issues between Peel and Debtor. He further argues that granting relief could delay resolution of pending matters, and this Court could easily hear the case.

Section 362(d)(1) allows the Court to grant relief from stay for cause. "Because there is no clear definition of what constitutes 'cause,' discretionary relief from the stay must be determined on a case be case basis."[8] The Tenth Circuit Court of Appeals in *Pursifull* affirmed a finding of cause to lift the stay because there was a state court proceeding pending which dealt with the same issues as were before the bankruptcy court and those issues involved matters of state law best decided by the state court.[9]

In this case, the Court finds cause to lift the stay. In this case, as in *Pursifull*, there is a state court proceeding pending which involves the same issues as those raised by Peel in this case. These issues are governed by Missouri law and are better decided by the state court. In addition, the state court case is ready for trial, and conducting trial in the state court will preserve Peel's right to a jury trial and her ability to compel the attendance of witnesses.

---

[8] *Pursifull v. Eakin*, 814 F.2d 1501, 1506 (10th Cir. 1987) (internal quotations omitted).

[9] *Id.*

The Court therefore grants Peel's motion for relief from stay to permit the continuation to entry of final judgment of her claims against Debtor pending in the Jackson County Circuit Court in Independence, Missouri, *Carrie A. Peel v. John E. Cooney, Jr.*, case no. 1316-CV19599.

The foregoing constitute Findings of Fact and Conclusions of Law under Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure which make Rule 52(a) of the Federal Rules of Civil Procedure applicable to this matter.

**JUDGMENT**.

Judgment is hereby entered granting relief from stay to permit the continuation to entry of final judgment of Peel's claims against Debtor pending in the Jackson County Circuit Court in Independence, Missouri, *Carrie A. Peel v. John E. Cooney, Jr.*, case no. 1316-CV19599. As required by Federal Rule of Bankruptcy Procedure 4001(a)(3), this order granting relief from stay is stayed until the expiration of 14 days after the entry of this order.

IT IS SO ORDERED.

###